IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 19, 2022 Session

## TRENA R. JEFFERSON ET AL. v. PATRICIA A. WILLIAMS-MAPP

**Appeal from the Chancery Court for Shelby County**
**No. CH-20-0982     Gadson W. Perry, Chancellor**
_____

### No. W2021-01058-COA-R3-CV
_____

Appellant's brief in this case fails to substantially comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Therefore, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and CARMA DENNIS MCGEE, JJ., joined.

Patricia A. Williams-Mapp, Memphis, Tennessee, Pro se.

Laura L. English, Memphis, Tennessee, for the appellee, Trena R. Jefferson, and James W. Jefferson, Jr.

### MEMORANDUM OPINION[1]

### I.

Plaintiffs/Appellees Trena R. Jefferson ("Mrs. Jefferson") and her husband, James

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

W. Jefferson, Jr. (together, with Mrs. Jefferson, "Appellees") appear to have assisted Mrs. Jefferson's mother, Defendant/Appellant Patricia A. Williams-Mapp ("Appellant"), sell a home she owned in or around 2005. According to Appellant, while she was ill, Mrs. Jefferson had power of attorney over her finances and stole the proceeds from the sale of her home. In late 2019, Appellant filed a "Notice of Lien and Sworn Statement" ("the lien") that encumbered Appellees' property in Shelby County ("the property"). The lien stated that Appellees and Appellant entered into a verbal contract on August 6, 2019, which was witnessed by two named individuals and provided that Appellees were to pay back $159,000.00 (the proceeds from the sale of Appellant's home). Further, the lien stated that Appellant was to be notified within ten business days before the sale of the property because she wanted to be present to protect her interest. According to Appellees, they learned of the lien when attempting to sell the property.

As a result, Appellees filed a complaint for declaratory judgment in the Shelby County Chancery Court (the "trial court") on August 13, 2020. Therein, Appellees sought, inter alia, declaratory judgment that the lien was void and of no effect. On October 21, 2020, Appellees filed a motion for summary judgment, arguing that they were entitled to summary judgment on each of the claims in their declaratory judgment complaint.[2]

A hearing was held in the trial court on August 12, 2021 on Appellees' motion for summary judgment. The trial court noted that Appellees' motion did not comply with Rule 56.03 because their statement of undisputed facts included no supporting citations to the record, as Appellant had noted in one of her responses. The trial court stated that while it expected full compliance with Rule 56 in the future, the facts were "few and apparent from the record," and thus proceeded to rule on summary judgment. The trial court's "Findings of Fact" included, in part, as follows:

> 5. Aside from stating that [Appellant] was to be notified ten business days before any sale of [the property], the Lien did not mention [the property] at all.
>
> *       *       *
>
> 8. [Appellant] has not sued [Appellees] to recover the $159,000.00.
>
> 9. [Appellant] has taken no legal action, other than filing the Lien, to recover the $159,000.00.

---

[2] In their declaratory judgment complaint, Appellees also alleged a claim for slander of title and violation of Tennessee Code Annotated section 39-17-117. They subsequently abandoned those claims in the trial court after acknowledging that they could not establish that Appellant had acted maliciously in filing the lien (and thus they could not prevail on a slander of title claim), and that a private right of action to enforce section 39-17-117 does not exist. Additionally, Appellees sought attorney's fees, which request they also explicitly abandoned.

The trial court also found that Appellant "claimed that [Appellees] . . . used the money, derived from the sale of [Appellant's home], to purchase the [p]roperty."

The trial court went on to conclude that

> No genuine disputes exist here. As [Appellees] point out, in Tennessee a lien like [Appellant's] is proper only if two requirements are met: First, there is a lawsuit that "properly describe[s]" the property on which the lien has been placed; and second, an abstract of the lien has been registered as required by Tennessee law. Tenn. Code Ann. § 26-4-104.

> Even an equitable construction of [Appellant's] Lien, which might allow the Lien itself to fulfill the notice function served by the required registration of a lien abstract, cannot obscure the fact that [Appellant] never filed a lawsuit properly describing [Appellees'] Property. She never filed a lawsuit at all. [Appellant's] Lien thus has no legal anchor and is void. [*Cf., e.g.*, 51 Am. Jur. 2d Lis Pendens § 50 ("[A] notice of lis pendens filed before the commencement of the action is a nullity.") [Appellees] also note that Tenn. Code Ann. § 26-4-101 allows a creditor to sue a debtor to compel post-judgment discovery of property that might satisfy a judgment but likewise affords [Appellant] no relief because she has not secured a judgment against [Appellees].].

> [Appellant] does not dispute that she never filed a lawsuit. She freely admits that she consulted with several lawyers, none of whom, she says, would help her,[3] and one of whom expressly told [Appellant] that she had neither a legal claim against [Appellees] nor a legal basis on which to encumber [Appellees'] Property. That [Appellant] still pursued the Lien likely reflects frustration—and even desperation—rather than malice. Hobbled by a stroke, and stunned by what she describes as [Appellees'] theft of her money and callous disregard for her well-being, [Appellant] did the only thing she could think of to protect herself and recover the money that she felt due her: She filed a Lien on [Appellees'] Property, which she suspects was purchased with her money anyway.

> Despite [Appellant's] feelings, for which the Court has great sympathy, the Lien cannot stand. . . . But the Court encourages [Appellant] to continue to seek legal assistance should she still wish to pursue a claim,

---

[3] The trial court noted earlier in its order that "[a]t least one lawyer wrote to [Appellees] on [Appellant's] behalf to demand the money [from the sale of Appellant's home], but nothing appears to have come of it." Indeed, the record includes at least two letters to Appellees from an attorney on behalf of Appellant seeking information relating to the sale proceeds from Appellant's home.

and likewise admonishes [Appellees] to take care in their dealings with [Appellant].

(One footnote added to body of text in brackets; other footnotes omitted).

The trial court therefore granted Appellees' motion for summary judgment only as to their declaratory judgment claim, denying all other relief Appellees requested. The trial court entered a second order contemporaneously, dissolving the lien and declaring it void. Appellant appealed.

## II.

Appellant raises two issues on appeal,[4] but we conclude that the controlling issue in this appeal is Appellant's failure to substantially comply with Rule 27 of the Tennessee Rules of Appellate Procedure.

## III.

Appellant appears to primarily take issue with the way the trial court handled witness accounts that Mrs. Jefferson had stated she would pay Appellant back the money from the sale of Appellant's home, which Appellant sought to introduce via affidavit and live testimony. Unfortunately, our ability to conduct proper appellate review of Appellant's arguments is hindered because Appellant's brief fails to sufficiently comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 states, in pertinent part:

(a) Brief of the Appellant.  The brief of the appellant shall contain under appropriate headings and in the order here indicated:

\*       \*       \*

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

---

[4] Appellant's issues, as stated in her brief, are as follows:

1. Did Honorable Chancellor Gadson W. Perry err[]/abuse his discretion when he did not allow Appellant['s] brother to testify as a witness to a material fact that Appellee stated that she ow[]ed Appellant the monies and she would pay Appellant when she sold her house.

2. Did Honorable Chancellor Gadson W. Perry err[]/abuse his discretion concerning the above conduct; Concerning Appellant['s] rights to a fair and impartial[l] trial according to the [Constitution of the] United States of America [] and the [Constitution of the] Great State of Tennessee [].

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a).

Here, Appellant's brief does not substantially comply with Rule 27. Nowhere in Appellant's initial or reply briefs does she cite to the record on appeal either in the facts section of her brief or in the argument section.[5] Nor does she explain the standard of review applicable to each issue she raises.[6] Additionally, while Appellant cites some general law, including constitutional law, she does not construct and support her legal arguments in a manner conducive to appellate review. *See **Hawkins v. Hart***, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a).").

Most importantly, Appellant does not address Tennessee Code Annotated section 26-4-104, the statute that the trial court concluded was controlling, in any fashion. As a result, she does not argue that the trial court's interpretation of that statute was incorrect or that it was otherwise inapplicable to the case-at-bar. And Appellant does not offer any argument to dispute the trial court's conclusion that she failed to file a complaint or secure a judgment as required by that statute. As such, Appellant's brief respectfully contains virtually no argument that addresses the actual basis for the trial court's grant of summary judgment. In a previous case, we held that an appellant's failure to include a "properly supported argument responsive to the trial court's dispositive ruling in th[e] case" may result in a waiver on appeal. ***Augustin v. Bradley Cnty. Sheriff's Off.***, 598 S.W.3d 220, 226–27 (Tenn. Ct. App. 2019). The same is unfortunately true here.

---

[5] It appears that Appellant understood the necessity of citing to the record, as she took issue with Appellees' statement of undisputed material facts for this same deficiency.

[6] Obviously, the standard of review applicable to the grant of a motion for summary judgment is de novo. *See **Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235, 250 (Tenn. 2015). But not all of the decisions made by the trial court are subject to this standard of review, as discussed in detail *infra*.

We are mindful of the fact that Appellant is proceeding pro se, and share the trial court's concerns regarding Appellant's circumstances and Appellees' failure to comply with Rule 56 in bringing their motion for summary judgment.[7] Nevertheless, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at \*3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at \*3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer*, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

We have previously held that failure to substantially comply with Rule 27 is grounds for dismissal of an appeal. *See, e.g.*, *Breeden v. Garland*, No. E2020-00629-COA-R3-CV, 2020 WL 6285300, at \*1 (Tenn. Ct. App. Oct. 27, 2020) ("The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived and we dismiss the appeal."); *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at \*4 (Tenn. Ct. App. July 5, 2017) ("Although we are mindful of Thomas's pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed."). Therefore, while we are not without sympathy for Appellant and we acknowledge her attempts to proceed pro se, we simply cannot properly review this appeal given the state of the briefing.

## V. CONCLUSION

---

[7] Still, the trial court's decision to excuse Appellees' failure to comply with Rule 56.03 of the Tennessee Rules of Civil Procedure is reviewed for an abuse of discretion. *See Deutsche Bank Nat'l Tr. Co. v. Lee*, No. M2018-01479-COA-R3-CV, 2019 WL 2482423, at \*3 (Tenn. Ct. App. June 13, 2019) (holding, in a case where a litigant "failed to support many of the facts in its statement of undisputed material facts by citation to the record," that "the trial court acted well within its discretion to waive full compliance with Tenn. R. Civ. P. 56.03" under the circumstances). Appellant does not address this particular decision by the trial court in her appellate brief in any fashion; as such, she cannot be said to have met her burden to show an abuse of discretion as to that portion of the trial court's judgment. *Cf. Parker v. SCG-LH Murfreesboro, LP*, No. M2021-00033-COA-R3-CV, 2021 WL 2767272, at \*5 (Tenn. Ct. App. July 1, 2021) (noting that it is a "high burden to show an abuse of discretion").

This appeal is dismissed and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. The costs of the appeal are taxed to the Appellant Patricia A. Williams-Mapp, for which execution may issue if necessary.


s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE